IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANKLYN B. MOLINA, JR.** | : | CIVIL ACTION NO. 1:20-CV-911 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Franklyn B. Molina, Jr., an inmate presently confined at the Federal Correctional Institution at Elkton, in Lisburn, Ohio, initiated the instant civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. 1.) Plaintiff has also filed motions for leave to proceed *in forma pauperis*. (Docs. 2, 6.) Plaintiff seeks to challenge a restitution order issued after he pled guilty to certain criminal offenses in this court. (Doc. 1 at 5.) See United States v. Molina, No. 1:17-cr-72-YK, Doc. 21 (M.D. Pa. Sept. 26, 2017) (judgment of conviction providing for restitution in the amount of $40,000). An initial screening of the complaint has been conducted and, for the reasons set forth below, the court will dismiss the complaint.

**I.     Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental

employee or entity.  See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b).

## II.  Allegations in the Complaint

Plaintiff's allegations contained in the complaint are concise.  Plaintiff alleges that he pled guilty to conspiracy to publish a notice of advertisement seeking child pornography and conspiracy to receive and distribute child pornography.  (Doc. 1 at 5.)  As a result of pleading guilty to these charges, he was ordered to pay restitution in the amount of $40,000 to four victims.  (Id.)  Plaintiff alleges that he does not know the victims, that he did not cause injury to them, and that he did not create

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

the videos or otherwise promote such videos. (Id.) Plaintiff seeks to reverse the restitution order, or, in the alternative, only nominal restitution in the amount of $100. (Id.) Plaintiff previously sought to challenge the restitution order by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, however the motion was denied because a restitution order cannot be challenged in a § 2255 motion. See United States v. Molina, No. 1:17-cr-72-YK, Doc. 38 (M.D. Pa. Sept. 13, 2019) (memorandum).

## III. Discussion

The court must dismiss the complaint because a plaintiff may not challenge a criminal restitution order in a Bivens action. "A direct appeal [is] the proper path for a challenge to a . . . restitution plan, as a Bivens remedy would violate the favorable-termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)." Duronio v. Werlinger, 293 F. App'x 155, 157 (3d Cir. 2008). See also United States v. Banks, 422 F. App'x 137, 140 (3d Cir. 2011) ("To the extent Banks attempted to challenge the overall validity of the District Court's restitution order, such a challenge should have been made on direct appeal.").[3] Because the plaintiff cannot

---

[3] A challenge to the payment schedule under a restitution order may be brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as a payment plan involves the execution of one's sentence. See McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010) (holding federal criminal defendant may not challenge payment plan of restitution order in a civil rights action as it more properly involved the execution of the defendant's sentence and not the conditions of his or her confinement) (citing Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)). Although a federal prisoner can use a § 2241 petition to challenge how a restitution order is repaid, such a petition "cannot be used to challenge the *imposition* of the restitution portion of the sentence." Viola v. Warden McKean FCI, 753 F. App'x 122 (3d Cir. 2019).

challenge the imposition of his restitution order in a <u>Bivens</u> action, the complaint must be dismissed.

### IV.     Leave to Amend

The court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff.  See <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile."  <u>Phillips v. Cty. of Allegheny</u>, 515 F.3d 224, 245 (3d Cir. 2008) (citing <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004)).  Because the claim that the plaintiff seeks to assert is not cognizable in a <u>Bivens</u> action, leave to amend would be futile.

### V.      Conclusion

Based on the foregoing, the complaint will be dismissed.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      January 22, 2021